RECEIVED OCT 21 2005

IN THE UNITED STATES
DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CENTRAL DIVISION

GABRIEL M. ROBLES,           )
                             )
         Plaintiff,          )
                             )
                             )
         vs.                 )         COMPLAINT
CHARLES W. LAWSON Sr.,       )
                             )
UNITED STATES ATTORNEY, et al., )      C05-3067 MWB
                             )
         Defendants.         )
                             )

---

I. Previous Lawsuits

   A. Plaintiff has begun other lawsuits in state or federal court dealing with the same facts involved in this action.

   B.
      1. Plaintiff: Gabriel M. Robles.

         Defendants: Tom Miller, Iowa Attorney General

      2. Court: United States District Court Northern District of Iowa.
      3. Docket Number: C05-3053-EJM
      4. Name of Judge to whom case was assigned: Edward J. McManus.
      5. Disposition: Case dismissed.
      6. File date: ~~September 19, 2005~~. August 23, 2005.
      7. Disposition date: September 16, 2005.
      8. Appeal date: September 16, 2005.
      9. Disposition of Appeal: Motion for Reconsideration of denial of Appeal denied September 30, 2005.

II. Place of Confinement: Plaintiff IS NOT a Prisoner!

III. Parties
   A. Name of Plaintiff: Gabriel M. Robles.
      Address: 1527 North Washington Avenue, Mason City, IA. 50401
   B. Additional Plaintiffs': None

   C. Defendants': Charles W. Lawson Sr. is employed as United States Attorney General at 401 First Street, Southeast, Room 400 Cedar Rapids, IA. 52401-1825.

   D. Additional Defendant (s) are/is employed as Steve Badger, Asst. U.S. Attorney at 401 First Street Southeast, Room 400 Cedar Rapids, IA. 52401-1825

IN THE UNITED STATES
DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CENTRAL DIVISION

GABRIEL M. ROBLES, )
)
       Plaintiff, )
)
)
vs. )   **COMPLAINT**
)
CHARLES W. LAWSON Sr., )   Page 2
)
UNITED STATES ATTORNEY, et al., )
)
       Defendants. )

-------------------------------------------------------------------

**III.**  **Parties** (con't)
  **D.**  Catherine Hanaway, United States Attorney General, State of Missouri. at 111 South Tenth Street, Suite 20.333 St. Louis, Missouri. 63102

     Pridgen J. Watkins, Clerk of Court, U.S. District Court for the Northern District of Iowa at 310 Sixth Street, Sioux City, Iowa. 51101

     Senator Charles Grassley, U.S. Senator for Iowa at 135 Hart Senate Office Building, Washington, DC. 20510-1501

     Mimi Sanford, Representative for Senator Charles Grassley. at 721 Federal Building, 210 Walnut Street. Des Moines, IA. 50309-2140

     Joseph Hagen, Clerk of Court, Eighth Circuit Court of Appeals. at 111 South Tenth Street, Room 24-329 St. Louis, Missouri. 63102

     Alberto Gonzales, Attorney General of the United States at 950 Pennsylvania Avenue Northwest Washington, DC. 20530

**IV.**  Jurisdicton:

     This complaint is brought pursuant to 42 U.S.C. § 1983, and jurisdiction is based on 28 U.S.C. § 1343(a)(3). Plaintiff allege(s) that the defendant(s) acted under color of state law with regard to the facts stated in Part **V.** of this complaint.

2.

**PART IV. CONTINUED**

<u>Whistleblower Act</u>

Plaintiff's original complaint cited acts of blatant racial discrimination perpetrated by mostly businesses and state agencies. The original complaint named Mr. Tom Miller as the Defendant as his title of Iowa state Attorney General implies that it is his responsibility that laws that protect citizens against race and class discrimination be enforced.

"Mistakes" and "oversights" by government agencies and Courts charged to protect and uphold individual Constitutional rights regardless of protected class cannot be nonchalantly dismissed by Courts lest the Court itself be charged with protected class violations.

Most Attorney's, Judges, civil rights advocates and government agencies are aware that these "mistakes" and "oversights" of the legal process are a <u>"pipeline to discard cases of merit."</u>

Rule 10 of the Supreme Court of the United States states, "A petition for a writ of certiorari <u>is rarely granted</u> when the asserted error consists of erroneous factual findings or the misapplication of a properly stated rule of law."

Plaintiff is a Mexican-American, the Defendants are white.

The Defendants attempted to take advantage of a party's inability to afford counsel and a party's ignorance of the "true" process of the appeals court system. The Plaintiff did not happen to be that "party" this time.

**IV.**(a) Jury Demand:

Plaintiff, being forced to proceed pro se and indigent in this action due to Defendants' unlawful conduct, places the Plaintiff in a position to act as an officer of the Court.
The Defendants' and their agents have a duty and oath to bring actions such as this case before a **GRAND JURY** to consider criminal indictments. It is Defendants' (job) Plaintiff is performing. (Involuntary Servitude)

2.a

```
              IN THE UNITED STATES
                 DISTRICT COURT
           FOR THE NORTHERN DISTRICT OF IOWA
                 CENTRAL DIVISION

GABRIEL M. ROBLES,              )
                                )
           Plaintiff,           )
                                )
                                )
      vs.                       )     COMPLAINT
                                )
CHARLES W. LAWSON Sr.,          )       Page 3
                                )
UNITED STATES ATTORNEY, et al., )
                                )
           Defendants.          )
```

---

**V. State of Claim:**

On August 10, 2005 Gabriel M. Robles, the Plaintiff called the Clerk of Court in Sioux City, Iowa., for instructions on how to file a complaint. A female int̶h̶a̶t̶x̶that office instructed the Plaintiff to simply write down his complaint on a 8X11½ piece of paper and send it in. As per instructions the Plaintiff filed a (1) page complaint dated August 22, 2005 along with 28 documents in support of complaint.
Plaintiff made clear he would be filing "pro se and indigent" on August 10, 2005. Plaintiff's complaint was dismissed on September 2, 2005 by Judge Edward J. McManus of the United States District Court for the Northern District of Iowa for the following reasons:
"The documents plaintiff submitted do not constitute a complaint."
and
"Moreover, plaintiff submits neither the $250.00 filing fee nor an application to proceed in forma pauperis."

Based on the erroneous instructions given to Plaintiff by the Clerk of Court and the dismissal of the complaint based on those erroneous instructions, the Plaintiff contacted the Federal Bureau of Investigation at (402)493-8688 and the man said he'd make a report but it "probably will not be investigated." This call took place on September 14, 2005.

On September 19, 2005 the Plaintiff contacted the United States Attorney's office at (319)363-0091 and spoke to Mr. Steve Badger. Mr. Badger referred to Plaintiff's assertions of the Clerk of Court as "Boloney."

On September 19, 2005 a̶f̶t̶e̶r̶x̶after speaking to Mr. Steve Badger the Plaintiff spoke to (2) females at the Justice Department. The female Plaintiff spoke to in the Criminal Division claimed the F.B.I. tells people what they want to hear to get rid of them. The female in the Integrity Division said she would look

3.

**PART V CONTINUED**

my conversation with the F.B.I. and the U.S. Attorney and call me back. As of the date of this complaint I, the Plaintiff have received no such call.

On September 23, 2005 the Plaintiff confirmed the "instructions" given to him by the Clerk of Court on August 10, 2005. Mimi Sanford, a Representative of Senator Charles Grassley's office called and spoke to the same female Clerk of Court and the instructions which she quoted to the Plaintiff she also quoted to Mimi Sanford.
On October 3, 2005, Plaintiff asked Mimi Sanford if she would write her recollection of her conversation with the Clerk of Court down and send them **to the Plaintiff.** At this request Mimi Sanford (is not an Attorney) requested to speak with Joe Hagen of the Clerk of Court for the 8th Circuit Court of Appeals. After Mimi Sanford's conversation with Mr. Hagen Mimi Sanford determined she need not provide Plaintiff a written statement.

On October 3, 2005, Plaintiff contacted Joe Hagen of the Clerk of Court's office regarding the dismissal of his appeal. The Plaintiff asked if a written statement from Senator Grassley's office would make a difference on the Court's ruling. Mr. Hagen stated he did not know enough about how the Court ruled on Plaintiff's appeal to ascertain whether it would make a difference or not. Mr. Hagen was able to advise Mimi Sanford otherwise.

VI. Relief:

The original complaint that brought about this action lists' 30 incidents of acts of racial discrimination and retaliation. 4 acts are not listed. Of the total 34 acts 5 are connected. At $3000.00 per individual incident and $10,000.00 per multiple incident the Plaintiff request **relief in the amount of------** $137,000.00 dollars.

3.a

IN THE UNITED STATES
DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| GABRIEL M. ROBLES, )<br>)<br>    Plaintiff, )<br>)<br>)<br>vs. )<br>  — )<br>)<br>CHARLES W. LAWSON Sr., )<br>)<br>UNITED STATES ATTORNEY, et al., )<br>)<br>    Defendants. ) | **COMPLAINT**<br><br>Page 4 |

---

VII. BStatement Regarding Assistance in Preparing This Complaint:

   A. No one assisted Plaintiff

VIII.
   Signature(s) of Plaintiff(s):

Signed this __19th__ day of __October__, 20__05__.

_____
                (Signature)

4.